# NO. 12-13-00195-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL ALLYN KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator Michael Kennedy has filed a petition for writ of mandamus. He alleges that, at least four times between September 12, 2012, and April 3, 2013, he filed a motion to recuse two judges in Anderson County.[1] Relator complains that the respondent judges have not disposed of his motions, and asks this court to direct them either to recuse themselves or forward his motions to the regional administrative judge. We deny the petition.

The duty of the trial court is to see that the cases before it proceed in an appropriate fashion. *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.–Texarkana Apr. 13, 2004, orig. proceeding). In general, however, it does not have a duty to rule on "free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *Id*.

Relator alleges that his motions pertain to trial court cause number 29326. However, this court has affirmed the trial court's judgments on guilt and on punishment in that cause. *See Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, at *3-4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (affirming judgment of conviction); *Kennedy v. State*, No. 12-11-00041-CR, 2012 WL 3201924, at *8 (Tex. App.–Tyler Aug. 8, 2012, pet. ref'd) (affirming judgment on

---

[1] One judge presided over Relator's criminal trial. Relator's complaint against the second judge appears to relate to her actions concerning Relator's competency.

punishment). The mandate was issued on February 4, 2013. Therefore, Relator's conviction is final, and cause number 29326 is not currently pending.

In a criminal case, a relator is entitled to mandamus relief only if he establishes (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. ***In re State ex rel. Weeks***, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013). The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. ***Id***. Because Relator's motions to recuse are not related to any cases that are currently pending, Relator has not shown that the respondents have a duty to take any action on the motions. Consequently, he has not established a clear right to mandamus relief. Accordingly, Relator's petition for writ of mandamus is ***denied***.

Opinion delivered June 5, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 5, 2013

NO. 12-12-00028-CR

**MICHAEL ALLYN KENNEDY,**
Relator
v.
**HON. MARK A. CALHOON AND HON. PAM FLETCHER**,
RespondentS

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **MICHAEL ALLYN KENNEDY**, who is the relator in Cause No.29326, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on June 3, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*